UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-125 |
| | ) | (PHILLIPS/GUYTON) |
| MICHAEL A. OGLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This Court previously granted Defendant Michael Ogle's Motion for Psychiatric Examination [Doc. 41]. This matter came before the Court to address the findings of the psychiatric examination and Defendant Michael Ogle's competency for trial.

On October 8, 2009, Defendant Michael Ogle requested a competency evaluation pursuant to 18 U.S.C. § 4241 in his Motion for Psychiatric Examination [Doc. 41] and gave notice of his intent to rely upon the defense of insanity [Doc. 40]. The Government responded to the Defendant's notice of intent to rely upon the defense of insanity by making a motion that the Defendant's sanity be evaluated under 18 U.S.C. § 4242. The Court granted both the Defendant's motion and the Government's motion and ordered a psychiatric evaluation, to determine whether the Defendant: (1) is competent to stand trial pursuant to 18 U.S.C. § 4241 and (2) was insane at the time of the alleged offense pursuant to 18 U.S.C. § 4242. [Doc. 44].

A competency hearing was held on March 25, 2009, to address the findings of the psychiatric evaluation and make a finding as to Defendant Michael Ogle's sanity. Assistant United States Attorney Tracy Stone was present representing the Government. Attorney Ursula Bailey was present representing Defendant Jeremy Ogle, who was also present. Attorney Kim Tollison was present representing Defendant Michael Ogle, who was also present. The parties stipulated admission in open court of the recent forensic report and addendum [Sealed Doc. 49] regarding Michael Ogle from the Metropolitan Correction Center in Chicago, Illinois, dated February 19, 2009.

Pursuant to 18 U.S.C. § 4241 and based upon the contents of the forensic report, the Court finds, by a preponderance of the evidence, that Defendant Michael Ogle is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in his defense. Accordingly, the Court finds that Defendant Michael Ogle is **COMPETENT** to proceed. It appears from the report and addendum, that, pursuant to 18 U.S.C. § 4242, Defendant Michael Ogle was not insane at the time of the offense charged and was able to appreciate the nature and quality or the wrongfulness of his actions at the time of the offense. However, the Court makes no finding as to Defendant Michael Ogle's sanity at the time of the offense charged.

Further, the Court finds that all time between the filing of the Defendant's Motion for Psychiatric Examination [Doc. 41] on October 8, 2008, through the date of the competency hearing, March 25, 2009, is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). All time during which the Defendant was undergoing a mental evaluation is excludable, 18 U.S.C. § 3161(h)(1)(A), as is all delay resulting from the transportation of the Defendant to and from the place of examination, 18 U.S.C. § (h)(1)(F).

In summary:

1. Defendant Michael Ogle is **COMPETENT** to proceed;

2. All time between October 8, 2008, and March 25, 2009, is fully excludable under the Speedy Trial Act; and

3. The trial of this matter remains set for **April 27, 2009 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge