UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL A. OGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:18-CV-037; 3:08-CR-125 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Michael A. Ogle has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 13], and Petitioner has filed numerous replies and associated motions. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is untimely and it will be dismissed.

---

[1] All docket references are to Case No. 3:18-CV-037 unless otherwise noted.

I.

*Background*

In August 2008, Petitioner and two associates were charged in a seven-count bank robbery and carjacking indictment. [Case No. 3:08-125, doc. 15]. The Honorable Thomas W. Phillips, now retired, presided over the criminal case.

Through counsel, Petitioner soon moved for a competency evaluation and filed notice of intent to rely upon the defense of insanity. [*Id.*, docs. 40, 41]. In response, the United States orally moved for evaluation of Petitioner's sanity at the time of the accused offenses. The Honorable United States Magistrate Judge H. Bruce Guyton granted the motions and ordered evaluation of both Petitioner's competency to stand trial and his sanity at the time of the alleged offenses. [*Id.*, doc. 44].

On March 25, 2009, the Federal Bureau of Prisons Metropolitan Correctional Center provided forensic reports finding the defendant: (1) sane at the time of the alleged offenses; and (2) competent to stand trial. [*Id.*, doc. 49]. In material part, the evaluating forensic psychologist noted "a likely attempt to feign significant psychological distress" and, relatedly, concluded that Petitioner "clearly made a volitional attempt to appear more psychologically distressed than is evidenced by his interactions, behaviors, and self-report during interview." [*Id.*].

Magistrate Judge Guyton held a competency hearing on April 20, 2009. The following day, he entered an order finding Petitioner competent to proceed. [*Id.*, doc. 56].

Petitioner subsequently entered into a plea agreement with the government. [*Id.*, doc. 63]. Therein, he agreed to plead guilty to Counts Two (armed bank robbery), Three (brandishing a firearm during and in relation to a crime of violence), and Four (carjacking).

By judgment entered November 5, 2010, Judge Phillips imposed a net sentence of 245 months' imprisonment. [*Id.*, doc. 84]. Petitioner did not file a direct appeal of his conviction or sentence. Instead, he filed his *pro se* § 2255 motion to vacate on January 29, 2018—more than seven years after the entry of judgment.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

III.

*Discussion*

The Court turns first to the threshold issue of timeliness to determine whether it can address Petitioner's motion to vacate and the claims raised therein.

**A.** **Statute of Limitation**

A federal prisoner has one year in which to file a § 2255 motion, including any amendments. *See* 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 654, 662 (2005); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Section 2255(f)'s one-year statute of limitations on all petitions for collateral relief under § 2255 runs from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

4

Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). These same provisions govern the timeliness of later-filed amendments. *Felix*, 545 U.S. at 654, 662.

Petitioner has failed to demonstrate that any subsections of § 2255(f) apply. Under the first subsection, § 2255(f)(1), the one-year limitations period begins to run on the date a conviction becomes final. Petitioner's judgment of conviction was entered on November 5, 2010. [Case No. 3:08-CR-125, doc. 84]. Petitioner did not file a notice of appeal. His judgment therefore became final on November 19, 2010. *See* Fed. R. App. P. 4(b)(1)(A) (setting a 14-day period for a criminal defendant to file a notice of appeal); *see also Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013) (observing that "[a] conviction becomes final when the time for direct appeal expires and no appeal has been filed") (citing *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)).

This means that Petitioner had one year from November 19, 2010, *i.e.*, until Monday, November 21, 2011 (the first day the courthouse was open after November 19, 2011), to file a timely § 2255 motion under subsection one. Petitioner filed his § 2255 motion on January 29, 2018, more than six years too late. Thus, his § 2255 motion is untimely under the first subsection of the statute.

Petitioner fares no better under § 2255(f)'s remaining subsections. As to subsection (f)(3), Petitioner does not argue that a pertinent right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. As to subsections

5

f(2) and (f)(4), the Court does recognize, under a liberal construction of Petitioner's filings, that Petitioner appears to claiming that illegal action by the government prevented him from timely filing his motion, and/or that facts supporting his claims could not have been timely discovered through the exercise of due diligence. However, the Court does not find those arguments meritorious. Analysis of those issues substantially overlaps with the question of equitable tolling to be discussed in the next subsection of this memorandum opinion. For the reasoning to be discussed in that subsection, the Court finds Petitioner's motion untimely under § 2255(f)(2) and (4).

**B.     Equitable Tolling of Subsection 2255(f)**

The AEDPA establishes "a tight time line, a one-year limitation period," *Felix*, 545 U.S. at 662, but § 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *See, e.g., Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Equitable tolling is used sparingly, and a petitioner bears the burden of establishing that it applies to his case. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To demonstrate that equitable tolling is warranted, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing and quoting *Pace*, 544 U.S. at 418); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted). Only reasonable diligence is required to qualify for equitable tolling of § 2255(f)'s one-year statute of limitation, not

6

the maximum feasible diligence. *Holland*, 560 U.S. at 653. Whether equitable tolling is warranted is a fact-intensive inquiry. *Id.* at 654.

Review of the instant petition does not reveal extraordinary circumstances justifying Petitioner's failure to present his petition in a timely fashion. To excuse his untimeliness, Petitioner argues only that he (a "mentally disabled" prisoner) was purportedly "bounced around like a hot potato" between a series of state and federal facilities for the more than seven years between entry of judgment the filing of his motion.

For example, Petitioner contends that in 2010 and 2011, he was moved between the Washington County and Blount County jails and "they would steal all of my legal work." [Doc. 1, p. 13]. He claims to have been housed in 15 or more prisons and jails between 2008 and 2018. [Doc. 2]. According to Petitioner, he was held "incommunicado" without access to a law library or attorney, "all to stop me from getting my appeals in." [Doc. 1, p. 5, 13.3]. Petitioner also references his "severe mental disability that plays a big part in me understanding and doing stuff on a timely manner." [*Id.*, p. 13]. Relying on these contentions, Petitioner asks, "How do you file anything on time[?]" [*Id.*].

Limited or insufficient access to a prison's law library will not alone equitably toll the one-year limitation period. *See Maclin v. Robinson*, 74 F. App'x 587 (6th Cir. 2003); *United States v. Stone*, 68 F. App'x 563 (6th Cir. 2003). Neither "pro se status, lack of legal knowledge or legal resources, confusion about [n]or miscalculations of the limitations period … are [adequate] to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Conclusory claims of lockdowns and misplaced legal papers similarly

7

fall short of the type of extraordinary circumstance required to trigger equitable tolling. *See, e.g., Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). "Where a petitioner claims that a transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling." *United States v. Cherry*, Criminal Case No. 04-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) (citation omitted). Further, "mental illness is not the same as mental incompetence" such as to excuse an untimely filing. *Watkins v. DeAngelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017).

The Court notes that Petitioner was separately prosecuted in this court for attempted escape. [Case No. 3:11-CR-035]. In that case, Petitioner (while allegedly housed "incommunicado" at the Blount County Jail) filed a *pro se* motion to dismiss on May 19, 2011 – well within § 2255(f)(1)'s one-year filing period for **the instant case**. [*Id.*, doc. 12]. Petitioner offers no explanation for how he could file a *pro se* motion in the escape case while under the very same purportedly onerous conditions that allegedly prevented timely filing in this case.

Petitioner also claims to have, during an unspecified time period, filed twenty or more lawsuits against a collection of entities including a United States Marshal, the Blount County Jail, Judge Phillips, and staff of USP McCreary. [Doc. 1, p. 10.2, 13, 13.3]. In this court alone, Petitioner filed 21 civil cases in the year 2014. Even if the Court were to accept that § 2255(f)(2) and (4) justifications existed from 2010 to 2014—which it does not—it is apparent that those conditions had disappeared by 2014. It is beyond absurd for

Petitioner to argue that he could not file a § 2255 motion until 2018 when he was able to initiate 21 other cases in this court four years earlier.

Lastly, the Court notes that Petitioner's claim of mental disabilities preventing timely filing is wholly inconsistent with the results of the 2009 competency and sanity evaluations.[2]

For these reasons, Petitioner has failed to put forth extraordinary circumstances or diligent pursuit of his rights that would justify application of equitable tolling in this case. His motion is untimely and will be denied as such.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** as untimely and **DISMISSED**. Petitioner's secondary motions [docs. 6, 7, 8, 11, 17] will also be **DENIED**. The United States' motion for extension of time [doc. 10] will be **GRANTED** for good cause shown.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must

---

[2] A second competency evaluation occurred in 2011 in the attempted escape case. [Case No. 3:11-CR-035, doc. 29]. There, a second evaluating forensic psychologist concluded that Petitioner "does not suffer from a major mental illness" [i*d.*, p. 10] and, again, possible "attempt[s] to exaggerate psychopathology" were noted. [*Id.*, p. 9].

9

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the procedural ruling made on the claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge